*In re* DISSOLUTION OF ELECTRO PRODUCTS CORP.

PETITION OF TUBBS.

PETITION OF CHASE.

1. CORPORATIONS—RECEIVER'S SALE—NOTICE.

Sale by receiver, appointed upon petition of directors for voluntary dissolution of corporation *held*, within jurisdiction of court, where legal notice was given, notwithstanding information in other authorized newspaper advertisements was not as complete as it should have been to attract bidders (3 Comp. Laws 1929, § 15310).

2. COURTS—FILES—REMOVAL—RIGHT OF EXAMINATION BY PUBLIC.

The county clerk has no right to permit files of a case to be taken from his office nor receiver of corporation involved in dissolution proceedings a right to take such file out of clerk's office without an order of court or judge since the right of the public to examine court files is a valuable one which should be fully protected.

3. CORPORATIONS—DISSOLUTION—HEARING—STATUTES.

Statute requiring that on day appointed for hearing on petition for voluntary dissolution and appointment of receiver of a corporation the court should proceed to hold a hearing must be read in its ordinary significance as providing for a day for hearing the matter which would be taken up in the regular course of business even though not reached until some day later than the one set (3 Comp. Laws 1929, § 15313).

4. SAME—RECEIVER'S SALE—CONFIRMATION—NOTICE.

Order confirming receiver's sale of manufacturing plant for $30,000 in which promoters had invested $100,000 and which had been appraised at various prices ranging from $99,000 to $301,500 is conditionally affirmed to allow 30 days to secure increased bid, approval of loan from Reconstruction Finance Corporation or submission of sound plan of refinancing which will protect creditors in view of shortness of time allowed and publicity afforded sale of such a property (3 Comp. Laws 1929, § 15310).

Appeal from Hillsdale; Rathbun (George A.), J. Submitted June 13, 1935. (Docket No. 81, Calendar No. 38,269.) Decided September 9, 1935.

Voluntary receivership proceedings for dissolution of Electro Products Corporation, a Michigan corporation. On petition of receiver, Paul W. Chase, for confirmation of sale of property. From order confirming sale, Joseph T. Schlacks and others appeal. Modified and affirmed.

*O. L. Smith* (*Wiley, Streeter, Smith & Ford,* of counsel), for appellants.

*Chandler & Culver,* for receiver.

*Bulkley, Ledyard, Dickinson & Wright* (*George Haggarty,* of counsel), for General Electric Company, creditor.

FEAD, J. This is an appeal from confirmation of a sale of corporate property, on the ground of lack of jurisdiction and inadequacy of price.

The property, a manufacturing plant, was bought by appellants Schlacks and Young about 1925 for $70,000, and they invested another $30,000 in it. They organized the Electro Products Corporation, capitalized at $500,000, with 5,000 shares of stock, 2,498 shares owned by each of the appellants Schlacks and Young, one share each by each of their wives, and two by George E. Tubbs. The plant has never been in production.

April 26, 1934, Schlacks, Young and Tubbs, as a majority of the directors, filed petition for voluntary dissolution of the corporation under 3 Comp. Laws 1929, § 15310. Appellant Simon was listed as a creditor with $650 owing for wages, and appellant Reek, $112.20, owing for wages. The petition represented

the value of assets at $99,000 and total debts of about $53,000, of which $11,600 was for taxes, $26,500 for salaries and wages, and $10,900 title note on furnace and equipment. It is said the claims of general creditors are larger than listed and amount to $82,700. Schlacks and Young have also filed a claim in the amount of $51,700.

The court appointed the 29th of May, 1934, "at the opening of court on said day, or as soon thereafter as counsel can be heard," for hearing of the petition. Order of dissolution and appointment of receiver was made June 5th. The record does not show the reason for the delay.

August 20th, the receiver filed petition to sell the assets. The order was made September 10th for sale September 28th. The receiver was authorized to adjourn the sale, not to exceed 60 days, but refused Schlacks' request to do so. Schlacks was working on a proposition to refinance the corporation. The property was offered separately and $9,000 bid for the machinery and personalty, but the bid was rejected as no bid was made separately for the real estate. The property was then offered as a whole and sold to the Allied Products Corporation for $30,000.

October 5th, appellants filed objections to the sale. After hearing, the court continued the matter for 15 days to permit appellants an opportunity to present a purchaser offering a *bona fide* better price or agreement with the Federal Reconstruction Finance Corporation for an adequate loan. They did not do so and the sale was confirmed November 14th.

In addition to the legal notice, the receiver, as authorized by the court, inserted advertisements of the sale in various newspapers. The information in the advertisements probably was not as complete as it should have been to attract bidders, but the order of the court left it to the discretion of the receiver.

In view of the fact that legal notice was given, the court had jurisdiction to proceed.

On the day of sale, an attorney for appellants went to the office of the county clerk to examine the files. They had been taken out of the clerk's office and were in possession of the receiver. It does not appear that any inquirers were unable to obtain information nor that the sale was impaired thereby. However, the clerk had no right to permit the files to be taken from his office nor the receiver to take them without an order of court or judge. If, as the record indicates, the proper order was not made, the court should take such action as may be appropriate and will prevent further transgression. The right of the public to examine court files in the clerk's office is a valuable one and should be fully preserved.

The statute, 3 Comp. Laws 1929, § 15313, provides that "on the day appointed in such order" the court shall proceed to hear the parties and take testimony. It would be unreasonable to read the statute as imposing, as a jurisdictional requirement, that the court must drop all its other business and hear the application on the day appointed. The statute must be read in its ordinary significance as providing for a day of hearing, as other days of hearing are fixed, the matter to be taken up in the regular course of the business of the court. The order of hearing so provides. It does not appear that anyone was misled or injured by the fact that the order of dissolution was made later than the day appointed for hearing.

The serious question is whether the bid was so inadequate as to require rejection.

Appellants Schlacks and Young invested $100,000 in the property. It had never been productive. They listed it at $99,000 in the petition for dissolution. The receiver appraised it at $130,800. At the time of hearing, October 29th, an application for a loan was pending with the Reconstruction Finance Cor-

poration, accompanied by an appraisal at "sound value" of $301,500. These figures constitute a considerable spread of value. There is much pertinency and truth in the incontrovertible fact, which moved the circuit court to confirm the sale, that property is worth what it will sell for. Appellants Schlacks and Young were unable to produce a better bid before the circuit court. In their brief they say they have continued negotiations looking to the refinancing of the company. They give no definite promises or assurances. Probably the outstanding order of confirmation hinders them.

The circuit court recognized that the bid was deplorably low, but felt the chances of receiving a better bid, or of refinancing, were infinitesimal. Perhaps chances are better now. The sale seems to have been rather hurried, the time short to sell a manufacturing plant, without the publicity likely to produce the best results, and the sale price leaves little to creditors. We feel the interests of the creditors require a last chance for a better bargain. In view of the time elapsed, we think an additional 30 days is as much as equitably could be allowed. If, then, appellants or others within 30 days will present to the circuit court an increased bid of $5,000, with $5,000 forfeit deposited as evidence of good faith, or approval of an adequate loan by the Reconstruction Finance Corporation, or a sound plan of refinancing which will fully protect creditors, to be approved by the circuit court, the order of confirmation will be set aside and new sale ordered or such disposition made as may be appropriate. Otherwise, and at the expiration of said period of 30 days, the order of court affirming the sale will stand affirmed. No costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.